PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:      510/832-5001
Facsimile:       510/832-4787
reinlawoffice@aol.com

ANTHONY E. GOLDSMITH, Esq. (SBN 125621)
LAW OFFICES OF ANTHONY E. GOLDSMITH
18321 Ventura Blvd. , Suite 900
Los Angeles, CA  91356
Telephone:      (818) 343-1370
Facsimile:       (818) 343-1339
info@goldsmithlawoffices.com

Attorneys for Plaintiff
SARA OWEN

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA OWEN,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF MONTEREY;<br>MONTEREY COUNTY SHERIFF'S<br>DEPARTMENT; SCOTT MILLER,<br>SHERIFF OF MONTEREY COUNTY,<br>IN HIS OFFICIAL AND INDIVIDUAL<br>CAPACITY; and DOES 1-20,<br>INCLUSIVE,<br><br>        Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR**<br>**DECLARATORY AND INJUNCTIVE**<br>**RELIEF AND DAMAGES:**<br><br>**(1)** Violations of Americans with Disabilities Act of 1990 42 U.S.C. § 121132<br>**(2)** Violation of the Rehab Act of 1973 29 U.S.C. § 794<br>**(3)** Violation of the 14th Amendment to the United States Constitution, 42 U.S.C. §1983<br>**(4)** Violation of Article I, Section 7 of the California Constitution<br>**(5)** Violation of the 8th and 14th Amendments to the United States Constitution, 42 U.S.C. §1983<br>**(6)** Violation of Article 1, Section 17 of the California Constitution<br>**(7)** Violation of the California Disabled Persons Act (Civil Code § 54 *et seq;* California Health & Safety Code §§ 19955 *et seq.*)<br>**(8)** Violation of Governement Code Section 11135<br><br>**DEMAND FOR JURY TRIAL** |

# NATURE OF ACTION

1.      Defendants County of Monterey ("Monterey County" or the "County"), Monterey County Sheriff's Office ("Sheriff's Office"), and Scott Miller, Sheriff of Monterey County, sued in his Official Capacity and his individual capacity, knowingly and intentionally discriminated against Plaintiff, a person known to them to have a physical disability that limits her mobility. Although the Monterey County Superior Court ordered Plaintiff to serve her misdemeanor sentence through the Sheriff's Work Alternative Program ("WAP"), Defendants denied her entrance to the Work Program because she was not able-bodied.  Instead, Defendants required her to serve her sentence in the Monterey County Jail (the "Jail") in Salinas, California.

2.      In jail Defendants exposed her to substantial, unreasonable, and dangerous conditions.  Defendants discriminated against her and failed to accommodate her disability.

3.      This civil rights lawsuit seeks a declaration that Defendants are engaged in discriminatory behavior against Plaintiff and other people with disabilities who are sentenced to and eligible for the Sheriff's Work Program, as well as those who are sentenced to jail.

4.      Defendants' deliberate indifference is all the more egregious because it is well aware of the architectural barriers and policy failures to accommodate the needs of prisoners with disabilities.  The County commissioned and received a report, dated June 19, 2007, entitled "County of Monterey, Office of the Sheriff, Needs Assessment" (hereinafter "2007 Report"). The 2007 Report concluded that "[t]he current combination of insufficient beds, an inadequate detention facility and understaffing has resulted in an almost untenable situation."  The County requested and received an updated report, dated December 30, 2011, which reached the identical conclusion: "The current combination of insufficient beds, an inadequate detention facility and understaffing has resulted in an almost untenable situation." County of Monterey, Office of the Sheriff, Jail Needs Assessment, December 30, 2011 (hereinafter "2011Report").  Both reports set "goals" of creating accessible facilities.

5.      As a remedy for the statutory and constitutional violations described herein, Plaintiff seeks damages as well as a declaration that Defendants are violating federal and state law and an injunction compelling Defendants to cease discriminating against prisoners with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   disabilities, to provide persons with disabilities equal access to the Sheriff's Work Program as an

2   alternative to incarceration, and to provide prisoners with disabilities reasonable

3   accommodations in housing and other jail programs, services and activities.

4

5                                        **JURISDICTION**

6            6.       This Court has jurisdiction over the claims brought under federal law pursuant to

7   28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over the claims brought under

8   California law pursuant to 28 U.S.C. § 1367.  Plaintiff seeks declaratory and injunctive relief

9   under 28 U.S.C. §§ 1343, 2201, and 2202, 29 U.S.C. § 794a, 42 U.S.C. §§ 1983 and 12117(a),

10  California Government Code § 11135, and Article I, Sections 7 and 17 of the California

11  Constitution as well as damages as pled herein below.

12

13                                          **VENUE**

14           7.       Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the

15  fact that the real property which is the subject of this action is located in this district and that

16  Plaintiff's causes of action arose in this district.

17

18                                         **PARTIES**

19           8.       Plaintiff Sara Owen is a person with a disability as defined in 42 U.S.C. § 12102,

20  29 U.S.C. § 705(9)(B), and California Government Code § 12926(l).  She was sentenced to 30

21  days in Jail on May 2, 2013, and was ordered by the Superior Court to serve her sentence

22  through the WAP.  The Sheriff's Department denied her access to the WAP because of her

23  disability and told her to report to serve her sentence in jail.  While she was in jail she was

24  denied accessible jail facilities and her medication dosage was cut in half arbitrarily.  As a result

25  of the lack of accessible facilities she fell in the shower and was injured.  She suffered a loss of

26  liberty, physical injuries and physical and mental pain, fear, degradation and severe emotional

27  distress as well as medical and psychological damages, loss of reputation, loss of potential

28  employment and other injuries as a result of the discrimination she experienced and other

1  unlawful acts of the Defendants.  Because she remains on probation she may be incarcerated in

2  the Jail at any time with little to no judicial process, subjecting her again to violations of her

3  constitutional and statutory rights.

4  9.   DEFENDANT COUNTY OF MONTEREY (the "COUNTY" or "MONTEREY

5  COUNTY") is a public entity, organized and existing under the laws of the State of California.

6  Under its authority, Defendant COUNTY operates and manages the Jail and is, and was at all

7  relevant times mentioned herein, responsible for the actions and/or inactions and the policies,

8  procedures, practices, and customs of the MONTEREY COUNTY SHERIFF'S OFFICE and its

9  respective employees and/or agents, as well as the physical conditions in the jail.

10  10.   DEFENDANT MONTEREY COUNTY SHERIFF'S OFFICE (the "SHERIFF'S

11  OFFICE") is a public entity, organized and existing under the laws of the State of California.

12  The SHERIFF'S OFFICE is responsible for the day-to-day operations of the Jail facilities,

13  including promulgating policies and procedures for the operation of the facilities and

14  construction and alteration of the facilities.  The SHERIFF'S OFFICE employs 50 or more

15  persons.

16  11.   DEFENDANT Sheriff Scott Miller is the elected Sheriff of the County of

17  Monterey.   He sets all policy and has final authority for jail conditions and acts in a supervisory

18  capacity with respect to other Defendants.

19  12.   The true names and capacities of Defendants DOES 1-20, Inclusive, are unknown

20  to Plaintiff who therefore sues said Defendants by such fictitious names.  On information and

21  belief, DOES 1-5 are sworn law enforcement officers or unsworn custodial employees and/or

22  agents of Defendants COUNTY and/or the SHERIFF'S OFFICE and DOES 6-20 are employees

23  or agents of Defendants COUNTY and/or the SHERIFF'S OFFICE and supervisors of the

24  aforementioned employees of Defendants DOES 1-5.  Plaintiff is informed and believes that

25  each of the Defendants herein designated as a DOE is legally responsible in some manner for the

26  events and happenings herein referred to and caused injury and damages proximately thereby to

27  Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and

28  capacities when they have been ascertained.

- 4 -

13.     The Monterey County Jail (and the custodial programs, services and activities conducted thereat) and the Sheriff's Work Alternatives Program are programs, services and/or activities of Monterey County and the Monterey County Sheriff's Department.  The Jail and the Work Alternative Program are also public accommodations under State law.  The Jail and its facilities were built originally in 1970 and subsequently have undergone further construction and/or "alterations, structural repairs, or additions," subjecting them to disabled access requirements under State and Federal law.

14.     Defendants, and each of them, are and were the owners, operators, lessors and lessees of the subject property, programs, services and activities at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

## FACTUAL ALLEGATIONS

15.     Plaintiff Sara Owen is a married mother of two teens, employed full-time.  She pled no contest to a misdemeanor theft charge for writing a check for her daughter's dental treatment without having sufficient funds in her account.  On May 2, 2013, she was sentenced to three years' probation, suspended, with thirty days in the County Jail to be served through the WAP.  Plaintiff is not in physical custody at the present time; however, she is on probation by the Monterey County Probation Department until June 2016.

16.     Plaintiff has a condition called Complex Regional Pain Syndrome.  Arising from a broken foot in February 9, 2012, the condition causes constant nerve pain like an electrical burn in her left leg and foot and her right foot.  Subsequently, she underwent a medical procedure to implant a nerve stimulator in her spine.  She controls the stimulator with a remote control that allows her to increase the speed and volume of the electrical pulses.

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17.     The stimulation masks some but not all the pain so she lives with pain every day. In addition the stimulator numbs her lower extremities, causing her to have poor balance.  She uses a cane for balance.  She can stand and walk but not for long periods of time.  Plaintiff also takes prescription medications that contribute to her pain management.

18.     Plaintiff has a disabled parking placard issued by the State of California.

**I.   DEFENDANTS FAILED TO PROVIDE EQUAL ACCESS TO THEIR WORK PROGRAM**

19.     WAP is a program, service and/or activity of the Sheriff's Department that it describes as "an alternative to incarceration."  It is administered by Sheriff's Work Alternative Coordinators under the direction of the Court Services Commander.  At Plaintiff's sentencing the Judge instructed Plaintiff to report to WAP for intake.  She called WAP from the Courthouse parking lot as soon as she left the court room.  She asked to sign up and was being told the process when the person at the WAP office, DOE number 1, on information and belief a Sheriff's Department employee, told her that WAP required eight-hour shifts.  Plaintiff replied that she could not stand for eight hours because she had a physical disability.  Without asking her any further questions, DOE number 1 said she could not participate in the WAP program if she was disabled.

20.     On information and belief, upon hearing that Plaintiff was disqualified from WAP because of her disability, Plaintiff's brother called a number of County offices to try to get Plaintiff admitted to WAP.  On information and belief, he was told that WAP does not admit people with physical disabilities.

21.     The 2007 and 2011 Reports identically describe the WAP as follows: "The Work Alternative Program (WAP) is available to non-violent offenders with sentences of 30 days or less.  The Program allows offenders to complete their sentence by working for public or non-profit agencies instead of serving the sentence in jail."  (2007 Report at E.25, 2011 Report at E.28.)

22.     On information and belief, Plaintiff's misdemeanor theft charge and lack of any other criminal history made her eligible for WAP.  Furthermore, the Superior Court specifically

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    ordered her to serve her sentence through WAP.  She was excluded from the program, and from

2    the alternative to incarceration, solely on the basis of her disability.

3

4    **II.    DEFENDANTS FAILED TO CONDUCT AN ADEQUATE ASSESSMENT OF
            PLAINTIFF'S DISABILITY UPON HER INTAKE IN THE JAIL AND**

5           **ARBITRARILY, WITHOUT ANY MEDICAL ASSESSMENT WHATSOEVER,
            DENIED HER PRESCRIPTION MEDICATION NECESSARY TO MANAGE**

6           **HER PAIN.**

7           23.     Excluded from WAP, Plaintiff tried to report to jail on June 10, 2013, to serve her

8    sentence.  She filled out the intake form but when she described her disability to the intake staff

9    she was told, "We can't accommodate you today."  She was directed to return on June 14, 2013,

10   her last day to surrender, "when we will have to take you."

11          24.     On June 14th Plaintiff returned to the jail again to surrender.   During intake she

12   was told that with 50% time off for good behavior and a six day "kicker" for jail overcrowding,

13   she had nine actual days to serve.

14          25.     During intake Plaintiff provided a doctor's note to jail staff describing her

15   disability and her need for her nerve stimulator implant, remote control, charger, cane, and two

16   drug prescriptions.  The jail allowed her to keep her remote control and cane.  It took her charger

17   but allowed her to go to the infirmary daily to charge it.

18          26.     However, Plaintiff was not asked any questions about her disability.  She was

19   never given any medical assessment.  Jail staff arbitrarily decided to give her half the amount of

20   medication prescribed by her doctor.  On the first day she surrendered, and on the last, she was not

21   given her medication.  On information and belief, the failure to assess for disability, the failure to

22   assess medical, and the arbitrary reduction in prescription medication are part of the pattern and

23   practice of the County and Sheriff's Department and its employees and agents.

24          27.     Having her medication cut in half caused Plaintiff unnecessary, preventable pain.

25   Pain management is very important to Plaintiff because if her pain levels get too high, they are

26   difficult to reduce.  Plaintiff increased the level of her nerve stimulator implant to try to

27   compensate but then had to contend with increased clumsiness in addition to increased pain.

28   //

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff's medication is a reasonably necessary accommodation to maintain her mobility and independence, in addition to pain relief.

28.     Upon intake, Plaintiff was not informed of her right to accommodation under the ADA or state law, how to request accommodation and medical care, or how to file a grievance. After several days she learned how to request medical care and did file a request.  Her request was not responded to for one or more days.  Once she was called out for medical care, she never saw a nurse.  Instead, a deputy, DOE No. 2, informed her that if she wanted to receive her full dose of medication, she would have to pay a "co-pay."  Not knowing how much money she had on her "books" or whether she would need it for commissary, and knowing she was more than half way to her release date, she decided not to pay for the increased medication.  Instead, she tried to manage her pain by moving as little as possible.  Unless she was getting food, using the toilet or charging her battery in the infirmary cell, she stayed in her bunk.  The bunk mattress was very thin, thinner than the mattress provided in the infirmary cell she used to charge her battery.  Lying on the thin mattress on the hard bunk caused her pain in her hips that she was not able to mask by increasing the level of her nerve stimulator implant.

## III.     DEFENDANTS FAILED TO PROVIDE PLAINTIFF WITH EQUAL ACCESS TO SAFE HOUSING.

### A.     The Facilities Are a Dangerous Hodge-Podge Built Without Consideration of the Needs of Disabled Prisoners.

29.     The physical facilities at the Jail were constructed and/or altered over a period of time, including the time period after 1968, when state laws for disabled construction went into effect, 1973, when Rehab Act requirements for disabled access construction and equal access to programs, services and activities went into effect, 1990, when the ADA requirements for equal access to programs, services and activities went into effect, and 1994, when the ADA regulations for disabled access construction went into effect.  The 2007 Report states that the Jail "was built in 1970 with additions to the jail complex occurring in 1977, 1988, 1993, and 1995."   On

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   information and belief, the physical facilities were not built in compliance with laws and

2   regulations existing at the time.

3

4       **B.      Defendants Were Aware That the Jail Facilities Were Not Constructed
                   and/or Altered in Conformity with Disabled Access Building Requirements.**
5

6           30.     The 2007 Report commissioned and received by the County acknowledged that

7   the Jail facilities did not provide sufficient accessible housing for people with disabilities.  It set

8   as a "goal" to provide "new adult detention beds and support space" that would "meet the

9   requirements of the Americans with Disabilities Act (ADA)."  Again in 2011, the report called

10  for new beds to be built to provide "adequate ADA cells."  At all times herein mentioned,

11  Defendants were fully aware that significant numbers of potential users of their public facilities

12  were and are and will be physically disabled persons who would have need of facilities that

13  complied with California and ADA standards for accessible facilities.  Despite this knowledge,

14  Defendants installed and maintained the physical barriers complained of.  They failed to provide

15  properly accessible programs, services and activities as a matter of physical construction or

16  programmatic access.

17

18      **C.      Plaintiff was Exposed to Dangerous Conditions and Injured as a Result of
                   Defendant's Discrimination Against Her.**

19          31.     Plaintiff was assigned to a housing pod in the women's section of the Jail.  She was

20  not offered any housing accommodations for her disability.  Upon information and belief, none of

21  the facilities in the Pod where she was housed complied with federal or state building regulations

22  for disabled access.  For instance, neither the toilets nor the shower had grab bars for support.

23  Plaintiff needed the grab bars to steady and balance herself.

24          32.     On her first full day in jail, Plaintiff tried to take a shower.  She fell in the shower,

25  injuring her ankle, shoulder and elbow.  She managed to get back up on her own.  She tried to deal

26  with the pain by increasing her nerve stimulator, but was in pain from the fall the entire time she

27  was in jail.  To this day there is a mark on her ankle from the injury.

28  //

**IV.   Defendants Failed to Accommodate the Needs of Plaintiff and other Mobility-Impaired Prisoners Housed in Inaccessible Facilities**

33.     Plaintiff noticed that in the infirmary the shower had grab bars.  She asked a deputy, DOE No. 3, if she could shower at the infirmary when she went to charge her battery.  Defendant DOE No. 3 said no.  Plaintiff never took another shower for the remaining eight days of her incarceration.

34.     The Department did not offer Plaintiff any way to formally request accommodation.  Upon information and belief, the Sheriff's Department does not adequately train or supervise its staff to recognize and accommodate the needs of people with disabilities.

35.     At no time when Plaintiff went to the infirmary did she see any medical personnel.  The deputy transporting her from the pod would simply lock her into an infirmary cell for the several hours it took to charge her battery.  Plaintiff was never provided with any actual infirmary services.

36.     As a result of Defendants' actions and failures to act, Plaintiff experienced unnecessary and avoidable pain and symptoms during her incarceration, including increased clumsiness from increasing her nerve stimulator and resultant immobility, in addition to stress, anxiety and frustration.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42  U.S.C. § 121132 BY PLAINTIFF AGAINST ALL DEFENDANTS**

37.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 36 of this Complaint, and incorporates them herein as if separately repled.

38.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities," that "historically, society has tended to isolate and segregate individuals with disabilities," that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem," that "the Nation's proper goals regarding individuals with disabilities

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 USC §12101.

39.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3)     to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4)     to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.  42 USC § 12101(b).

40.     The ADA prohibits public entities, from denying "a qualified individual with a disability … the benefits of the services, programs, or activities of [the] public entity" because of the individual's disability.  42 U.S.C. § 12132.

41.     The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A),

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(2)(A).  Plaintiff is a qualified individual with a disability as defined in the ADA, as she has impairments that substantially limit one or more major life activities.

42.     The programs, services, and activities that Defendants provide to prisoners include, but are not limited to, sleeping, eating, showering, toileting, communicating with those outside the Jail by mail and telephone, exercising, entertainment, safety and security, the Jail's administrative, disciplinary, and classification proceedings, medical, mental health, and dental services, the library, educational and vocational classes, discharge services, and alternatives to incarceration.  Defendants' programs, services, and activities are covered by the ADA.

43.     Under the ADA Defendants are not allowed to operate a program, such as WAP unless the program is accessible to and useable by people with disabilities.  In offering a program, service or activity of alternatives to incarceration, Defendants must not fail  to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability," 28 C.F.R. § 35.130(b)(7).   Defendants violated the ADA by summarily denying Plaintiff an alternative to incarceration upon learning that she has a disability.  They were on actual notice that she had a disability but failed even to consider whether accommodation or modification of the program was possible.

44.     In addition, Defendants failed to accommodate Plaintiff as follows

    a.      failing to "ensure that qualified inmates or detainees with disabilities shall not, because a facility is inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of, the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity," 28 C.F.R. § 35.152(b)(1);

    b.      failing to "ensure that inmates or detainees with disabilities are housed in the most integrated setting appropriate to the needs of the individuals," 28 C.F.R. § 35.152(b)(2);

    c.      failing to "implement reasonable policies, including physical modifications to additional cells in accordance with the 2010 [accessibility] Standards, so

1   as to ensure that each inmate with a disability is housed in a cell with the

2   accessible elements necessary to afford the inmate access to safe,

3   appropriate housing," 28 C.F.R. § 35.152(b)(3);

4   d.   failing or refusing to provide Plaintiff and other prisoners with disabilities

5   with reasonable accommodations and other services related to their

6   disabilities, see generally 28 C.F.R. § 35.130(a);

7   e.   denying Plaintiff and other prisoners with disabilities "the opportunity to

8   participate in or benefit from [an] aid, benefit, or service" provided by

9   Defendants, 28 C.F.R. § 35.130(b)(1)(i);

10   f.   failing to make "reasonable modifications in policies, practices, or

11   procedures when the modifications are necessary to avoid discrimination

12   on the basis of disability," 28 C.F.R. § 35.130(b)(7);

13   g.   failing to make available information to Plaintiff and other prisoners with

14   disabilities about their rights under the ADA while detained in the Jail, see

15   28 C.F.R. § 35.106;

16   h.   failing to "adopt and publish grievance procedures providing for prompt

17   and equitable resolution of complaints alleging any action that would be

18   prohibited by … [the ADA]," 28 C.F.R. § 35.107(b);

19   i.   failing to "maintain in operable working condition those features of

20   facilities and equipment that are required to be readily accessible to and

21   usable by persons with disabilities by the [ADA]," 28 C.F.R. § 35.133(a);

22   and

23   j.   failing to "furnish appropriate auxiliary aids and services where necessary

24   to  afford individuals with disabilities…an equal opportunity to participate

25   in, and enjoy the benefits of, a service, program, or activity of a public

26   entity," 28 C.F.R. § 35.160(b)(1).

27   45.   As a result of Defendants' policy and practice of discriminating against and

28   failing to provide reasonable accommodations to prisoners with disabilities both in the conduct

- 13 -

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

of the WAP and in connection with the condition of and the policies in place at the Jail, Plaintiff and other prisoners with disabilities do not have equal access to County activities, programs, and services for which they are otherwise qualified.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE REHAB ACT OF 1973**
**29  U.S.C. § 794 BY PLAINTIFF AGAINST ALL DEFENDANTS**

46.     Plaintiff re-alleges and incorporates by reference herein all allegations previously made in paragraphs 1 through 45 above.

47.     At all times relevant to this action, Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.  As recipients of federal funds, they are required to reasonably accommodate prisoners with disabilities in their facilities, program activities, and services, and to provide a grievance procedure.

48.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act.

49.     By their policy and practice of discriminating against and failing to reasonably accommodate prisoners with disabilities, Defendants violate Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

50.     As a result of Defendants' discrimination against and failure to provide reasonable accommodations, Plaintiff and other prisoners with disabilities do not have equal access to Jail activities, programs, and services for which they are otherwise qualified.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES**
**CONSTITUTION, 42 U.S.C. §1983 BY PLAINTIFF AGAINST ALL DEFENDANTS FOR**
**VIOLATION OF THE EQUAL PROTECTION CLAUSE IN THE CREATION,**
**OPERATION AND ENFORCEMENT OF THE WORK ALTERNATIVE PROGRAM**

51.     Plaintiff  re pleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 - 50 of this Complaint and incorporates them herein as if

- 14 -

1    separately repled.

2       52.     Plaintiff was denied participation in the WAP program solely on the basis of her

3    disability.  The decision by Defendants to create, operate and enforce a program that selectively

4    discriminates against people with disabilities and arbitrarily and capriciously denies them the

5    opportunity to perform community service rather than spend time in jail, violated Plaintiff's

6    rights under the 14th Amendment to the United States Constitution by depriving her of equal

7    protection of the law.

8       53.     There was no rational basis for the Defendants to have discriminated against

9    Plaintiff and those similarly situated in the manner set forth herein.  The policies and practices

10    complained of herein were policies of Defendant COUNTY OF MONTEREY and MONTEREY

11    COUNTY SHERIFF'S DEPARTMENT.  The individual Defendants named herein condoned or

12    ratified said conduct.

13       54.     It was well known to Defendants that placing Plaintiff in an inaccessible jail

14    facility would cause her to experience discrimination and a risk of physical injury as well as a

15    deprivation of liberty.  Yet, Defendants chose to enact and operate a community service program

16    that discriminated against Plaintiff and others similarly situated and forced Plaintiff to endure the

17    humiliation and rigors of jail rather than enjoy the opportunities and relative liberties provided by

18    the WAP.  The harms that Plaintiff and other people with disabilities suffer from being forced to

19    serve jail terms rather than participate in the WAP are compounded by the inaccessible condition

20    of the facilities in which they must serve their sentences.

21       55.     As a proximate result of the aforesaid acts and omissions of Defendants, and each

22    of them, Plaintiff sustained a loss of liberty, physical injuries and physical and mental pain, fear,

23    degradation and severe emotional distress as well as medical and psychological damages, loss of

24    reputation, loss of potential employment and other injuries to be shown according to proof.

25       56.     The acts of the individual named Defendants and DOES 1-20 were malicious and

26    in conscious disregard of or with deliberate indifference for the rights of Plaintiffs as set forth

27    above.  Plaintiffs are therefore entitled to an award of exemplary and punitive damages against

28    these Defendants to punish them; and to deter others from similar conduct.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF ARTICLE I, SECTION 7 OF THE CALIFORNIA CONSTITUTION**
**BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF THE EQUAL**
**PROTECTION CLAUSE IN THE CREATION, OPERATION AND ENFORCEMENT**
**OF THE WAP PROGRAM**

57.     Plaintiff  re pleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 - 56 of this Complaint and incorporates them herein as if separately repled.

58.     Plaintiff was denied participation in the WAP program solely on the basis of her disability.  The decision by Defendants to create, operate and enforce a program that selectively discriminates against people with disabilities and disallows them the opportunity to perform community service rather than spend time in jail violates Plaintiff's rights under Article 1, Section 7 to the California Constitution by depriving her of equal protection of the law.

59.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained a loss of liberty, physical injuries and physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, loss of reputation, loss of potential employment and other injuries to be shown according to proof.

60.     The acts of the individual named Defendants and DOES 1- 20 were malicious and in conscious disregard of or with deliberate indifference for the rights of Plaintiffs as set forth above.  Plaintiffs are therefore entitled to an award of exemplary and punitive damages against these Defendants to punish them; and to deter others from similar conduct.


**FIFTH CAUSE OF ACTION:**
**VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED**
**STATES CONSTITUTION, 42 U.S.C. §1983 BY PLAINTIFF AGAINST ALL**
**DEFENDANTS FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE IN THE**
**CREATION, OPERATION AND ENFORCEMENT OF THE WORK ALTERNATIVE**
**PROGRAM**

61.     Plaintiff repleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 - 60 of this Complaint and incorporates them herein as if separately repled.

//

62.     The policies and practices described hereinabove with respect to the lack of proper and necessary medical care and the failure to protect disabled prisoners from dangerous and inhumane conditions is a policy of Defendant COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S DEPARTMENT.

63.     As to the various failures to provide adequate medical care to Plaintiff and to provide her with even the most basic of accessible conditions, including the provision of a shower with grab bars, the actions of Defendants were deliberately indifferent to the needs of Plaintiff.  To the extent that Defendant DOES 2 and 3 deprived Plaintiff of the right to access her medication, medical treatment and sanitary facilities, they were acting within the policies and practices of the COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S DEPARTMENT.  These acts and omissions were undertaken with deliberate indifference to Plaintiff's health, safety, wellbeing and rights.

64.     The actions of Defendants violated Plaintiff's rights to be free of cruel and unusual punishment as set forth in the 8th Amendment to the United States Constitution and denied her equal protection of the law in violation of her rights under the 14th Amendment to the United States Constitution.

65.     Plaintiff alleges that DOES 6-20, who Plaintiff alleges were supervisors of DOES1-5, failed in their duties to train, supervise and / or discipline Defendants DOES 1-5.  Their failure to do so was a cause in fact of Plaintiff's injuries.

66.     To the extent that any individual Defendants were not acting within the policies and practices of the COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S DEPARTMENT Plaintiff alleges that the COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S DEPARTMENT has *de facto* policies, customs and practices of:

    a.     Failing to train employees in the proper manner to provide medical care for and meet the needs of sick or physically disabled inmates in a manner that meets Constitutional thresholds.  This includes toleration of employees failing to provide medical care and basic human needs to disabled inmates.

- 17 -

     b.      Failure to train and monitor compliance with proper conduct by supervisory employees in assessing whether inmates receive adequate medical care meeting the basic requirements of the United States Constitution.

     d.      Inadequately screening, supervising, investigating, monitoring, training, disciplining, regulating and terminating sworn and unsworn employees in connection with the treatment of sick and disabled persons in custody within the contours of the Eighth Amendment to the U.S. Constitution.

67.     The policies, practices and/or customs of the COUNTY and SHERIFF'S OFFICE were the moving force and/or an affirmative link behind the violation of the Plaintiffs' constitutional rights and injury, damage and/or harm caused thereby.

68.     These policies, practices, customs and procedures are intentional and/or the result of deliberate indifference on the part of the aforementioned public entity Defendants by and through their decision makers.

69.     The foregoing unconstitutional customs and practices were a proximate cause of harm to the Plaintiff

70.     It is alleged that some or all of Plaintiff's injuries are of a permanent nature.

71.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained a loss of liberty, physical injuries and physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, loss of reputation, loss of potential employment and other injuries to be shown according to proof.

72.     The acts of the individual named Defendants and DOES 1-20 were malicious and in conscious disregard of or with deliberate indifference for the rights of Plaintiff as set forth above.  Plaintiff is therefore entitled to an award of exemplary and punitive damages against these Defendants to punish them; and to deter others from similar conduct.

//

//

//

1

2

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF ARTICLE 1, SECTION 17 OF THE CALIFORNIA CONSTITUTION**
**BY PLAINTIFF AGAINST ALL DEFENDANTS FOR DANGEROUS JAIL**
**CONDITIONS AND DEPRIVATION OF MEDICAL CARE**

3

4        73.      Plaintiff  re pleads and incorporates by reference, as if fully set forth herein, the

5   allegations contained in Paragraphs 1 - 72 of this Complaint and incorporates them herein as if

6   separately repled.

7        74.      The policies and practices described hereinabove with respect to the lack of

8   proper and necessary medical care and the failure to protect disabled prisoners from dangerous

9   and inhumane conditions is a policy of Defendant COUNTY OF MONTEREY and

10   MONTEREY COUNTY SHERIFF'S DEPARTMENT.

11        75.      As to the various failures to provide adequate medical care to Plaintiff and to

12   provide her with even the most basic of accessible conditions, including the provision of a

13   shower with grab bars, the actions of Defendants were deliberately indifferent to the needs of

14   Plaintiff. To the extent that Defendant DOES 1-20 deprived Plaintiff of the right to access her

15   medication, medical treatment and sanitary facilities, they were acting within the policies and

16   practices of the COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S

17   DEPARTMENT.  These acts and omissions were undertaken with deliberate indifference to

18   Plaintiff's health, safety, wellbeing and rights.

19        76.      The actions of Defendants violated Plaintiff's rights to be free of cruel and

20   unusual punishment as set forth in the 8th Amendment to the United States Constitution and

21   denied her equal protection of the law in violation of her rights under the 14th Amendment to the

22   United States Constitution.

23        77.      As a proximate result of the aforesaid acts and omissions of Defendants, and each

24   of them, Plaintiff sustained a loss of liberty, physical injuries and physical and mental pain, fear,

25   degradation and severe emotional distress as well as medical and psychological damages, loss of

26   reputation, loss of potential employment and other injuries to be shown according to proof.

27   //

28   //

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

78.   The acts of the individual named Defendants and DOES 1-20 were malicious and in conscious disregard of or with deliberate indifference for the rights of Plaintiffs as set forth above.

**SEVENTH CAUSE OF ACTION:**
**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
**(Civil Code § 54 *et seq*; California Health & Safety Code §§ 19955 *et seq*.) BY PLAINTIFF**
**AGAINST ALL DEFENDANTS**

79.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 78 above, and incorporates them herein by reference as if separately repled hereafter.

80.   The Monterey County Jail, including but not limited to the Sheriff' Work Program (the WAP), is a public accommodation under state law.

81.   The COUNTY and the SHERIFF'S OFFICE did not construct and/or alter its facilities in compliance with California Health & Safety Code §§ 19955 et seq.

82.   Plaintiff Sara Owen and other similarly situated physically disabled persons are denied full and equal access to the Jail facilities because they are not in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq* and Government Code §§ 4450 *et seq.*

83.   Plaintiff Sara Owen and other similarly situated physically disabled persons are denied full and equal access to the WAP, a public accommodation, because the WAP does not accept persons with disabilities.

84.   Each and every violation of the Americans with Disabilities Act (as pled in the First Cause of Action, *infra*, also constitutes a violation of the Disabled Persons Act.

85.   Plaintiff Sara Owen encountered both physical and policy barriers to equal access in violation of the Disabled Persons Act.

86.   Plaintiff does not seek injunctive relief pursuant to Civil Code section 55.

WHEREFORE, Plaintiff requests relief as outlined below.

**EIGHTH CAUSE OF ACTION:**
**VIOLATION OF GOVERNMENT CODE SECTION 11135 BY PLAINTIFF AGAINST**
**ALL DEFENDANTS**

87.     Plaintiffs re-allege and incorporate by reference herein all allegations previously made in paragraphs 1 through 86, above.

88.     Defendants receive financial assistance from the State of California as part of Realignment Legislation, California Government Code §§ 30025, 30026, and 30029, and through other statutes and funding mechanisms. Plaintiff is a person with a disability within the meaning of California Government Code § 11135.

89.     As described in this Complaint, Defendants denied Plaintiff full access to the benefits of the Jail's programs and activities for which receive financial assistance from the State of California and unlawfully subject Plaintiff  and other prisoners with Disabilities to discrimination within the meaning of California Government Code § 11135(a) on the basis of their disabilities.

**<u>PRAYER FOR RELIEF</u>**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the constitutions and laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the constitutions and laws of the United States and the State of California.

     WHEREFORE, Plaintiff SARA OWEN prays for judgment and the following specific relief against Defendants MONTEREY COUNTY, MONTEREY COUNTY SHERIFF'S OFFICE, SCOTT MILLER, Sheriff of Monterey County in his Official Capacity, and DOES 1-20 as follows:

//

//

2.     An order requiring Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise to cease discriminating against and failing to provide accommodations to prisoners with disabilities;

3.     An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise:

    a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.   To provide reasonable accommodation for prisoners with disabilities in all its programs, services and activities including but not limited to the Sheriff's Work Alternative Program:

    c.   To ensure that prisoners with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Jail and of the Monterey County Sheriff's Department;

4.     An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

5.     An award to Plaintiff of statutory, actual, treble, and punitive damages in an amount within the jurisdiction of the Court, all according to proof, including without limitation damages pursuant to 42 U.S.C §1983 for violations of Plaintiff's United States Constitutional Rights  and §52.1 of the California Civil Code;

6.     An award to Plaintiffs, pursuant to 29 U.S.C. § 794a, 42 U.S.C. §§ 1988, 12205, California Civil Code section 54.3, and California Code of Civil Procedure § 1021.5, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

7.     An award of prejudgment interest pursuant to Civil Code § 3291; and

8.     Such other and further relief as this Court may deem just and proper.

//

//

//

Dated: July 9, 2014                          LAW OFFICES OF PAUL L. REIN
                                             LAW OFFICES OF ANTHONY E. GOLDSMITH


                                               /s/ Celia McGuinness
                                             By CELIA McGUINNESS, ESQ
                                             Attorneys for Plaintiff
                                             SARA OWEN


## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: July 9, 2014                          LAW OFFICES OF PAUL L. REIN
                                             LAW OFFICES OF ANTHONY E. GOLDSMITH


                                               /s/ Celia McGuinness
                                             By CELIA McGUINNESS, ESQ
                                             Attorneys for Plaintiff
                                             SARA OWEN

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES