CHARLES J. McKEE (SBN 152458)
County Counsel
WILLIAM M. LITT (SBN 166614)
Deputy County Counsel
JANET L. HOLMES (SBN 107639)
Deputy County Counsel
OFFICE OF THE MONTEREY COUNTY COUNSEL
168 W. Alisal Street, Third Floor
Salinas, CA 93901-2439
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email: littwm@co.monterey.ca.us

Attorneys for Defendants, County of Monterey,
Monterey County Sheriff's Department and
Steven Bernal, Sheriff of Monterey County, in
His Official and Individual Capacity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARA OWEN,<br><br>　　　　　Plaintiff,<br>vs.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; SCOTT MILLER, SHERIFF OF MONTEREY COUNTY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; and DOES 1-20, INCLUSIVE,<br><br>　　　　　Defendants. | Case No: 5:14-CV-03119-PSG<br><br>**STIPULATION AND REQUEST FOR DISMISSAL** |

TO THE HONORABLE COURT AND ALL PARTIES:

1    WHEREAS, certain disputes arose between SARA OWEN ("OWEN"), Plaintiff,
2    and the COUNTY OF MONTEREY ("COUNTY"), Defendant, arising out of OWEN's
3    desire to participate in the COUNTY's Work Alternative Program ("WAP") in 2013, and
4    WHEREAS, on or about July 9, 2014, OWEN filed the above-captioned action
5    asserting, inter alia, violation of her civil rights, as set forth more full in the Complaint on
6    file in this action, and
7    WHEREAS, as a result of mediation held pursuant to the Court's Alternative
8    Dispute Resolution program, OWEN and COUNTY agreed to settle and resolve the
9    pending matter in order to avoid the disruption, inconvenience, burdens, costs, delays and
10   those uncertainties incident to legal proceedings; and toward that end entered into a
11   Settlement Agreement and Release, a copy of which is attached hereto as Exhibit A;
12   IS IT HEREBY STIPULATED BY AND BETWEEN COUNSEL FOR ALL
13   PARTIES
14   Pursuant to the Settlement Agreement and Release attached hereto, Plaintiff and
15   Defendants hereby request (1) this action be dismissed with prejudice except as set forth
16   herein, with each party to bear its own fees and costs, and (2) until March 27, 2018, the
17   Court shall retain jurisdiction to re-open this action, on motion of counsel for any party
18   herein, to address a claim of breach of the terms of the Settlement Agreement and
19   Release attached hereto.

21   WHEREFORE, IT IS SO STIPULATED.

23   Dated: April 7, 2015.    LAW OFFICES OF PAUL L. REIN
                              LAW OFFICES OF ANTHONY E. GOLDSMITH

                       By: _____
                              Attorneys for Plaintiff, SARA OWEN

2

Dated: 5/13/15.  CHARLES J. McKEE, COUNTY COUNSEL

By: _____
WILLIAM M. LITT
Deputy County Counsel
County of Monterey, Monterey County Sheriff's Department and Scott Miller, Sheriff of Monterey County, in His Official and Individual Capacity

## ORDER OF THE COURT

**Good cause appearing therefore, and based on the Stipulation and Request for Dismissal of the Parties, it is hereby ordered:**

(1) this action is dismissed, with each party to bear its own fees and costs, and

(2) until March 27, 2018, the Court shall retain jurisdiction to re-open this action, on motion of counsel for any party herein, to address a claim of breach of the terms of the Settlement Agreement and Release attached hereto.

Dated: __May 13__, 2015      _____
UNITED STATES MAGISTRATE JUDGE

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("SETTLEMENT AGREEMENT") is entered into by and between the COUNTY OF MONTEREY ("COUNTY") and Plaintiff Sara Owen ("PLAINTIFF"), collectively "THE PARTIES," and addresses the allegations concerning the Monterey County Sheriff's Office's alleged rejection of PLAINTIFF from participating in the Sheriff's Office Work Alternative Program ("WAP") in 2013, and PLAINTIFF'S subsequent 2013 incarceration in the Monterey County Jail ("Jail") that are the subject of the case of *Owen v. County of Monterey, et al.*, United States District Court for the Northern District of California Case Number 5:14 cv-14-03119 PSG ("*Owen v. County*").

*Owen v. County* is an action allegeing violations of the Americans with Disabilities Act (ADA); the Rehabilitation Act of 1973; the Fourteenth Amendment (pursuant to 42 U.S.C. § 1983); Article I, Section 7 of the California Constitution; the California Disabled Persons Act (Cal. Civil Code § 54 et seq.; Cal. Health & Safety Code § 19955 et seq.); and California Government Code section 11135 against all Defendants.

In exchange for and in consideration of PLAINTIFF'S execution of this SETTLEMENT AGREEMENT, her release of claims as set forth below, and agreement to dismiss the COUNTY with prejudice from *Owen v. County*, subject to the U.S. District Court's continuing jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT for a period of three years from the final execution of the SETTLEMENT AGREEMENT, the COUNTY agrees to pay PLAINTIFF the total sum of fifty four thousand-eight hundred and fifty dollars and zero cents ($54,850.00) in full settlement of any and all claims or potential claims by PLAINTIFF against COUNTY, including but not limited to those claims asserted in *Owen v. County*, that have accrued as of the date of execution of this SETTLEMENT AGREEMENT by PLAINTIFF, and inclusive of all of PLAINTIFF'S legal fees and costs. This amount shall be remitted in the form of a check in the amount of $54,850.00 made payable to: The Law Office of Paul Rein in Trust for Sara Owen. Said payment releases and fully discharges the COUNTY, and all other officers, officials, agents, employees, and contractors thereof ("RELEASEES"), from which the undersigned should at any time in the future demand damages, fines, or other penalties allegedly resulting from the events that are the subject of *Owen v. County*, and all claims, demands, and causes of action,

1

including attorneys' fees and costs, the undersigned now or in the future may have against said RELEASEES for personal injuries, property damage, emotional distress, wage loss, loss of earnings, loss of consortium, general and economic damages, medical expenses, workers' compensation payments, fines, other penalties, or other claims of any kind resulting from the events that are the subject of *Owen v. County*, and for consequential damages of every kind and character resulting therefrom, whether the said personal injuries, claims, and consequential damages be now existent or become existent in the future, or whether the same be now known or unknown or whether the same be anticipated or unanticipated.

PLAINTIFF will forthwith abandon the prosecution of any and all claims and causes of action against said RELEASEES resulting from the events that are the subject of *Owen v. County*, or which might hereafter be sued upon in any court, and including those causes of action against the COUNTY and said RELEASEES contained in the First Amended Complaint filed in *Owen v. County*, in which the undersigned is named as PLAINTIFF, and will execute, upon receipt by PLAINTIFF's counsel of the settlement sum described herein, the Stipulation and Request for Dismissal attached hereto as Exhibit A

PLAINTIFF and COUNTY desire to resolve all claims of PLAINTIFF against COUNTY and RELEASEES, and intend by this SETTLEMENT AGREEMENT to settle all claims, rights, demands, liabilities, obligations and causes of action of every kind, nature and description that each party may have, or at any time ever had, against the other which relates to the events and circumstances that are the subject of *Owen v. County*.

NOW, THEREFORE, THE PARTIES agree as follows:

**COVENANTS**

1. <u>CONSIDERATION</u>. In exchange for her release of any and all claims that were raised or could have been raised by PLAINTIFF in *Owen v. County*, and dismissal of the action, COUNTY will pay to PLAINTIFF, through her attorneys, the total sum of fifty four thousand-eight hundred and fifty dollars and zero cents ($54,850.00) in a check made payable to: The Law Office of Paul Rein in Trust for Sara Owen. Said amount is due and payable on or before March 25, 2015, unless the PARTIES mutually agree to a later date of payment.

2. THE WORK ALTERNATIVE PROGRAM ("WAP"). With respect to Persons with Disabilities, COUNTY and its Sheriff's Office agree to operate the WAP as follows:

    A. Persons with disabilities ("PWD") who otherwise are qualified for admission to the WAP will not be excluded from WAP based on their disability.

    B. Assessment of PWD:
- a. If the disability is obvious, there will be no inquiry as to the nature of the disability.
- b. WAP staff can ask what the PWD's limitations are.
- c. If the disability is not obvious, WAP staff can require medical provider verification of the limitations.
    - i. If verification extends the time needed to complete the WAP application and/or placement, said extensions of time will be provided without undue burden on the PWD; the Sheriff's Office will inform the PWD how to add him/herself to the Superior Court calendar and will provide documentation to the Court verifying that the PWD has been cooperating and requires an extension of their surrender date for purposes of verifying their work limitations.

    C. Placement:
- d. WAP placements will be individualized based on the abilities of the PWD.
- e. If there are no slots/jobs/placements available at the time the PWD applies, then the Sheriff's Office will recommend extensions of time for placement without prejudice to the PWD.

    D. Appeals:
- f. Appeal will be available at all stages of participation in the WAP, including application, placement, and reasonable time extension, including appeals from original or subsequent placements because a placement is unsafe, inaccessible or causes the PWD unreasonable difficulty due to their disability.

    E. If a person cannot be accommodated:
- g. A decision that a PWD cannot be accommodated must be based on objective, reasonable considerations, not administrative ones.
- h. If WAP staff determine that a PWD cannot be accommodated, the PWD will be offered Supervised Home Confinement (SHC) at no greater cost to the PWD than would have been the cost of the WAP.

    F. Communication and outreach:
- i. Notice of the availability of reasonable accommodation for PWD will be included on the WAP application and other WAP materials in which it is relevant.
- j. Notice of the availability of reasonable accommodation for PWD participating in the WAP will be included on the Sheriff's Office website.

  k. Notice of whom to contact regarding discrimination claims, including a telephone number, will be included on all WAP materials and the Sheriff's Office website.
 G. Training:
  l. All current relevant WAP personnel will be trained now, as will all personnel assigned to the WAP in the future, regarding:

   i. The rights of PWD to accommodation;
   ii. The benefits to Monterey County of accommodation;
   iii. The aforementioned WAP policies pertaining to PWD.
 H. WAP Community Partners:
  m. The rights of PWD will be included in training provided to by the WAP to its Community Partners.
  n. Community Partner facilities will be accessible to and useable by PWD assigned there.
 G. The United States District Court for the Northern District of California, San Jose Division, shall retain jurisdiction to enforce compliance with the terms of this SETTLEMENT AGREEMENT pertaining to the WAP for a period of three years from the date of the final execution of this SETTLEMENT AGREEMENT by the PARTIES.

  3. SETTLEMENT AGREEMENT. PLAINTIFF hereby releases and forever discharges COUNTY, its insurance companies and representatives, its officers, elected officials, directors, employees, subsidiaries, agents, attorneys, representatives, successors, heirs and assigns from any and all claims, debt, liabilities, demands, obligations, costs, expenses, damages, actions and causes of action, of every nature, character and description, known and unknown, which THE PARTIES now own or hold, or have at anytime owned or held, or may at any time own or hold, by reason of any matter, cause or thing whatsoever incurred, done, omitted or suffered to be done prior to the date of this SETTLEMENT AGREEMENT, which each may have against the other on account of, or in any way related to the events and allegations set forth in *Owen v. County*.

  4. WAIVER OF CIVIL CODE § 1542.

  PLAINTIFF is represented by legal counsel at the time of executing this release. PLAINTIFF and her attorneys have spent considerable time examining the occurrences and transactions which are the subject of this release, and based upon that examination, PLAINTIFF expressly waives and relinquishes her rights set forth in California Civil Code § 1542, which states:

" A general release does not extend to claims which the creditor does not know or suspect to exist in her or her favor at the time of executing the release, which if known by him or her must have materially affected her or her settlement with the debtor."

5. RELIANCE UPON OWN JUDGMENT. PLAINTIFF relies wholly upon her own judgment, belief, and knowledge of the nature, extent, and duration of her damages, if any, and acknowledges that she has not been influenced to any extent whatsoever in making this agreement by any representations or statements regarding said damages or any other matters, made by COUNTY in this case, or by any person or persons representing the COUNTY.

6. DISPUTED CLAIMS. This SETTLEMENT AGREEMENT is a compromise and settlement of disputed claims, and nothing in this SETTLEMENT AGREEMENT shall be construed at any time as an admission of liability or wrongdoing on the part of COUNTY, and COUNTY expressly denies any such liability or wrongdoing.

7. ATTORNEYS FEES AND LIENS. PLAINTIFF shall bear her own costs, attorneys' fees, and liens, and will remain responsible for any and all attorneys' fees, costs and liens relevant to the above-identified claim. If it becomes necessary to engage in legal proceedings to enforce or interpret any of the provisions of this agreement, the prevailing party or parties will be entitled to recover her, their, or its reasonable attorneys' fees and costs incurred in connection with such proceedings.

8. WARRANTIES NOT TO INITIATE ADVERSE PUBLICITY. PLAINTIFF and her counsel agree not to initiate adverse publicity against the COUNTY, its elected or appointed officials, directors, employees, officers, subsidiaries, agents, attorneys, representatives, successors, heirs and assigns, or its insurance companies and representatives, as a result of this settlement. Nothing in this section shall affect the applicability of the California Public Records Act to this SETTLEMENT AGREEMENT.

9. OTHER WARRANTIES. PLAINTIFF warrants that the settlement evidenced by this SETTLEMENT AGREEMENT and the execution of this SETTLEMENT AGREEMENT have been approved and authorized by PLAINTIFF, and

that the persons who execute and attest to this SETTLEMENT AGREEMENT have been authorized to perform said acts.

10. SEVERABILITY. Should any provision of this SETTLEMENT AGREEMENT be held invalid or illegal, such illegality will not invalidate the remainder of this SETTLEMENT AGREEMENT. Instead, the SETTLEMENT AGREEMENT shall be construed as if it did not contain the illegal part, and the rights and obligations of THE PARTIES shall be construed and enforced accordingly.

11. INTERPRETATION. This SETTLEMENT AGREEMENT shall be construed and enforced pursuant to the laws of the State of California.

12. REPRESENTATION. PLAINTIFF acknowledges that she has had the opportunity to be represented by independent legal counsel of her own choice, that this SETTLEMENT AGREEMENT was prepared with the joint input of all parties, and that it shall not be construed in favor of or against any party to the SETTLEMENT AGREEMENT. PLAINTIFF further acknowledges that this SETTLEMENT AGREEMENT was executed freely and voluntarily and with the opportunity for PLAINTIFF to receive the advice of independent legal counsel.

13. ASSIGNMENT. PLAINTIFF warrants that no claims or causes of action arising out of the event or occurrences recited herein have been assigned to any other person or entity.

14. INDEMNIFICATION. PLAINTIFF agrees to indemnify the COUNTY and to hold the COUNTY harmless from any loss incurred directly or indirectly by reason of the falsity or inaccuracy of any representation or warranty made by PLAINTIFF herein.

15. LIENS. PLAINTIFF agrees that she is solely responsible for payment of any unpaid liens or claims against the payment and/or causes of action referred to herein, either from medical providers, insurance carriers, workers' compensation carriers, or other public or private providers such as MediCal, MediCare, Kaiser or other HMO or other health plans, or any other person or entity. If such liens or claims do exist, the undersigned PLAINTIFF acknowledges and agrees that she is solely responsible for payment thereof, and further agrees to defend and hold the RELEASEES released herein harmless with respect to any such liens or claims. PLAINTIFF agrees to fully indemnify

the COUNTY and hold it harmless from any lien claims associated with the events and circumstances that are the subject of *Owen v. County*.

PLAINTIFF further represents as follows:

**No Medi-Cal or Medicare benefits have been paid to PLAINTIFF for treatment of injuries related in any way to the events and circumstances that are the subject of *Owen v. County*.**

16. COUNTERPARTS. THE PARTIES agree that this SETTLEMENT AGREEMENT may be executed in counterparts. Each of the undersigned, whether signing separately or on the same document with other parties, agrees to each and every part of the above agreement and release.

DATED: ~~March~~ APRIL 02, 2015

_____
SARA OWEN, PLAINITFF

DATED: ~~March~~ April 7, 2015

COUNTY OF MONTEREY

By: _____
~~STEVEN MAUCK~~ Charles McKee
~~Risk Manager~~ County Counsel

Approved as to Form:

LAW OFFICES OF PAUL L. REIN

By:_____
CELIA McGUINNESS
Attorneys for Plaintiff Sara Owen

DATED: March ____, 2015.

Approved as to Form:

LAW OFFICES OF ANTHONY E. GOLDSMITH

By:_____
ANTHONY E. GOLDSMITH

7

the COUNTY and hold it harmless from any lien claims associated with the events and circumstances that are the subject of *Owen v. County*.

PLAINTIFF further represents as follows:

**No Medi-Cal or Medicare benefits have been paid to PLAINTIFF for treatment of injuries related in any way to the events and circumstances that are the subject of *Owen v. County*.**

16. <u>COUNTERPARTS.</u> THE PARTIES agree that this SETTLEMENT AGREEMENT may be executed in counterparts. Each of the undersigned, whether signing separately or on the same document with other parties, agrees to each and every part of the above agreement and release.

DATED: March ___, 2015

_____
SARA OWEN, PLAINITFF

COUNTY OF MONTEREY

DATED: March ___, 2015      By:_____
STEVEN MAUCK
Risk Manager

Approved as to Form:

LAW OFFICES OF PAUL L. REIN

By: _[signature]_
CELIA McGUINNESS
Attorneys for Plaintiff Sara Owen

DATED: ~~March~~ April 6, 2015.

Approved as to Form:

LAW OFFICES OF ANTHONY E. GOLDSMITH

By:_____
ANTHONY E. GOLDSMITH

7

the COUNTY and hold it harmless from any lien claims associated with the events and circumstances that are the subject of *Owen v. County*.

PLAINTIFF further represents as follows:

**No Medi-Cal or Medicare benefits have been paid to PLAINTIFF for treatment of injuries related in any way to the events and circumstances that are the subject of *Owen v. County*.**

16. COUNTERPARTS. THE PARTIES agree that this SETTLEMENT AGREEMENT may be executed in counterparts. Each of the undersigned, whether signing separately or on the same document with other parties, agrees to each and every part of the above agreement and release.

DATED: March ___, 2015

_____
SARA OWEN, PLAINITFF

COUNTY OF MONTEREY

DATED: March ___, 2015        By:_____
STEVEN MAUCK
Risk Manager

Approved as to Form:

LAW OFFICES OF PAUL L. REIN

By:_____
CELIA McGUINNESS
Attorneys for Plaintiff Sara Owen

DATED: March ___, 2015.

Approved as to Form:

LAW OFFICES OF ANTHONY E. GOLDSMITH

By:_____
ANTHONY E. GOLDSMITH

7

Attorney for Plaintiff Sara Owen

DATED: March ____, 2015.

CHARLES J. McKEE, County Counsel

_____
William Litt, Deputy County Counsel
Attorneys for Defendants, COUNTY OF MONTEREY, et al.

DATED: ~~March~~ April 6, 2015.

*Sara Owen v. County of Monterey, et al.*

USDC Case No. 5:14-CV-03119-PSG

# EXHIBIT A

| | |
|---|---|
| 1 | CHARLES J. McKEE (SBN 152458)<br>County Counsel |
| 2 | WILLIAM M. LITT (SBN 166614) |
| 3 | Deputy County Counsel<br>JANET L. HOLMES (SBN 107639) |
| 4 | Deputy County Counsel<br>OFFICE OF THE MONTEREY COUNTY COUNSEL |
| 5 | 168 W. Alisal Street, Third Floor<br>Salinas, CA 93901-2439 |
| 6 | Telephone: (831) 755-5045 |
| 7 | Facsimile: (831) 755-5283<br>Email: littwm@co.monterey.ca.us |
| 8 | |
| 9 | Attorneys for Defendants, County of Monterey, |
| 10 | Monterey County Sheriff's Department and<br>Steven Bernal, Sheriff of Monterey County, in |
| 11 | His Official and Individual Capacity |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARA OWEN,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF MONTEREY;<br>MONTEREY COUNTY SHERIFF'S<br>DEPARTMENT; SCOTT MILLER,<br>SHERIFF OF MONTEREY COUNTY,<br>IN HIS OFFICIAL AND INDIVIDUAL<br>CAPACITY; and DOES 1-20,<br>INCLUSIVE,<br><br>          Defendants. | Case No: 5:14-CV-03119-PSG<br><br>**STIPULATION AND REQUEST FOR DISMISSAL** |

TO THE HONORABLE COURT AND ALL PARTIES:

1

WHEREAS, certain disputes arose between SARA OWEN ("OWEN"), Plaintiff, and the COUNTY OF MONTEREY ("COUNTY"), Defendant, arising out of OWEN's desire to participate in the COUNTY's Work Alternative Program ("WAP") in 2013, and

WHEREAS, on or about July 9, 2014, OWEN filed the above-captioned action asserting, inter alia, violation of her civil rights, as set forth more full in the Complaint on file in this action, and

WHEREAS, as a result of mediation held pursuant to the Court's Alternative Dispute Resolution program, OWEN and COUNTY agreed to settle and resolve the pending matter in order to avoid the disruption, inconvenience, burdens, costs, delays and those uncertainties incident to legal proceedings; and toward that end entered into a Settlement Agreement and Release, a copy of which is attached hereto as Exhibit A;

IS IT HEREBY STIPULATED BY AND BETWEEN COUNSEL FOR ALL PARTIES

Pursuant to the Settlement Agreement and Release attached hereto, Plaintiff and Defendants hereby request (1) this action be dismissed with prejudice except as set forth herein, with each party to bear its own fees and costs, and (2) until March 27, 2018, the Court shall retain jurisdiction to re-open this action, on motion of counsel for any party herein, to address a claim of breach of the terms of the Settlement Agreement and Release attached hereto.

WHEREFORE, IT IS SO STIPULATED.

Dated: _____, 2015.   LAW OFFICES OF PAUL L. REIN
                           LAW OFFICES OF ANTHONY E. GOLDSMITH

                    By: _____
                        Attorneys for Plaintiff, SARA OWEN

Dated: 4/6/15       CHARLES J. McKEE, COUNTY COUNSEL

By: _____
WILLIAM M. LITT
Deputy County Counsel
County of Monterey, Monterey County Sheriff's
Department and Scott Miller, Sheriff of
Monterey County, in His Official and Individual
Capacity

## ORDER OF THE COURT

**Good cause appearing therefore, and based on the Stipulation and Request for Dismissal of the Parties, it is hereby ordered:**

(1) this action is dismissed, with each party to bear its own fees and costs, and

(2) until March 27, 2018, the Court shall retain jurisdiction to re-open this action, on motion of counsel for any party herein, to address a claim of breach of the terms of the Settlement Agreement and Release attached hereto.

Dated: _____, 2015    _____

JUDGE

UNITED STATES DISTRICT COURT

3